[Cite as *State v. Pritchard*, 2026-Ohio-2733.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>THOMAS PRITCHARD,<br><br>    Defendant - Appellant | Case No. CT2025-0122<br>        CT2025-0140<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Muskingum County Court of Common Pleas, Case Nos. CR2023-0347, CR2023-0213<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry: July 16, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** JOSEPH PALMER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; BRIAN W. BENBOW, for Defendant-Appellant.

*Baldwin, J.*

{¶1} The appellant, Thomas Pritchard, appeals his convictions and sentences following his guilty pleas in the Muskingum County Court of Common Pleas. The appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

{¶2} On March 29, 2023, the Muskingum County Grand Jury indicted the appellant on four counts of Kidnapping in violation of R.C. 2905.01(A)(2) and R.C. 2905.01(B)(1), one count of Grand Theft of a Motor Vehicle in violation of R.C. 2913.02(A)(1) and one count of Escape in violation of R.C. 2921.34(A)(1) in Case No. CR2023-0213.

{¶3} On May 31, 2023, the Muskingum County Grand Jury returned a second indictment charging the appellant with one count of Receiving Stolen Property in violation of R.C. 2913.51(A) and one count of OVI in violation of R.C. 4511.19(A)(1)(a) in Case No. CR2023-0347.

{¶4} On November 18, 2024, the appellant, through counsel, notified the trial court of his intent to raise the issue of his competence to stand trial.

{¶5} The appellant was evaluated by Dr. Dreyer in January of 2025. Dr. Dreyer reported that the appellant was not capable of rationally understanding the legal proceedings and was not capable of adequately assisting counsel in his defense. The trial court subsequently found the appellant incompetent to stand trial and ordered treatment for restoration to competency at Appalachian Behavioral Healthcare.

{¶6} In August of 2025, once appellant had received mental-health treatment for several months, psychologist Amanda Conn evaluated whether he had been restored to competency and prepared a report documenting her findings. Dr. Conn concluded that the appellant was capable of understanding the nature and objectives of the proceedings against him and was capable of assisting counsel in his defense.

{¶7} On September 2, 2025, the trial court conducted a competency-restoration proceeding. The parties stipulated to the August 2025 restoration report. Neither party presented additional evidence or requested the testimony of the evaluator. Defense counsel did not request a second competency evaluation. Based upon the stipulated report, the trial court found that the appellant had been restored to competency.

{¶8} On September 22, 2025, the appellant appeared with counsel and entered negotiated pleas of guilty. In Case No. CR2023-0213, the appellant pleaded guilty to two

counts of kidnapping and one count of grand theft of a motor vehicle. In Case No. CR2023-0347, the appellant pleaded guilty to receiving stolen property and OVI.

{¶9} During the plea colloquy, the trial court reviewed the nature of the charges, the potential penalties, the constitutional rights the appellant would waive, postrelease control, and the consequences of the pleas. The appellant responded to the trial court's questions, asked questions concerning the financial sanctions and other consequences of his pleas, stated he understood the proceedings, and expressed satisfaction with counsel. The trial court accepted the appellant's pleas and found him guilty.

{¶10} The trial court conducted a sentencing hearing on October 27, 2025. The appellant addressed the trial court and offered his version of the underlying events. The trial court imposed an aggregate indefinite prison term of twenty-one to twenty-six years in Case No. CR2023-0213. The trial court imposed an aggregate twelve-month prison term in Case No. CR2023-0347, to be served consecutively to the sentence imposed in Case No. CR2023-0213.

{¶11} The appellant filed a timely appeal and raised the following two assignments of error:

{¶12} "I. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO CHALLENGE THE RESTORATION-TO-COMPETENCY EVALUATION, FAILING TO REQUEST A SECOND EVALUATION, AND ALLOWING THE PROCEEDINGS TO CONTINUE WITHOUT A MEANINGFUL DETERMINATION OF THE APPELLANT'S COMPETENCY."

{¶13} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ACCEPTING THE DEFENDANT'S PLEA WITHOUT CONDUCTING THE

COMPETENCY HEARING REQUIRED BY R.C. 2945.37(B), AFTER THE DEFENDANT'S COMPETENCY WAS RAISED BEFORE TRIAL."

## I.

{¶14} In his first assignment of error, the appellant argues that he was denied effective assistance of counsel in violation of his rights under both the United States Constitution and the Ohio Constitution. We disagree.

### STANDARD OF REVIEW

{¶15} The standard of review for ineffective assistance of counsel was set forth in the seminal case of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and was discussed by this Court in *Mansfield v. Studer*, 2012-Ohio-4840 (5th Dist.):

> A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

> In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley*. *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).

To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial process. *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052 (sic) at 2065.

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland v. Washington*, 466 U.S. 668 at 689 (sic), 104 S.Ct. at 2064.

In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689, 104 S.Ct. at 2064.

*Studer, supra*, at ¶¶58-61. Thus, in order to prevail on an ineffective assistance of counsel argument, the appellant must satisfy two prongs: first, that his trial counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of an essential duty to the appellant; and second, that the appellant was prejudiced by the alleged ineffectiveness.

## ANALYSIS

{¶16} The appellant contends trial counsel rendered ineffective assistance by stipulating to the restoration report, failing to challenge the adequacy of that report, and failing to request an additional competency evaluation.

{¶17} A criminal defendant is competent to stand trial when the defendant has sufficient present ability to consult with counsel with a reasonable degree of rational understanding and possesses both a rational and factual understanding of the proceedings. *State v. Jefferson*, 2022-Ohio-3448, ¶39 (5th Dist.), citing *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

{¶18} Following treatment, Dr. Conn concluded that the appellant was capable of understanding the nature and objectives of the proceedings and capable of assisting counsel. The parties stipulated to the report during the September 2, 2025, proceeding. R.C. 2945.37(E) expressly permits the prosecutor and defense counsel to submit evidence concerning competency and permits a written evaluation report to be admitted by stipulation.

{¶19} Where the State and defense counsel stipulate to a competency report, the stipulated report constitutes reliable and credible evidence of the defendant's competency, and the trial court may determine competency based upon that report. *State v. Triplett-Fazzone*, 2024-Ohio-4589, ¶¶9, 13 (10th Dist.), citing *State v. Lanier*, 2021-Ohio-4194, ¶8 (10th Dist.).

{¶20} The record fails to establish that counsel lacked a reasonable basis for accepting Dr. Conn's opinion. Counsel had the opportunity to communicate with the appellant and was in a position to evaluate the appellant's ability to understand the proceedings and assist in the defense. Counsel did not advise the trial court that he remained unable to communicate with the appellant, that the appellant was incapable of assisting in his defense, or that the appellant's condition had deteriorated following the restoration evaluation.

{¶21} The appellant argues that the August 2025 restoration report was deficient because it was completed by an evaluator different from the evaluator who prepared the January 2025 report, because the appellant had reported hallucinations during his treatment, and because the restoration evaluator allegedly did not adequately consider the appellant's psychiatric history and intellectual functioning.

{¶22} These matters do not establish that counsel performed deficiently. A prior finding of incompetency does not establish that a defendant remains incompetent indefinitely. Ohio law expressly contemplates that a defendant initially found incompetent may be restored to competency through treatment. See R.C. 2945.38. In *State v. Fisher*, 2025-Ohio-1648, ¶¶29-

35 (7th Dist.), the Seventh District Court of Appeals upheld the trial court's decision to proceed after the defendant underwent restoration treatment, the parties stipulated to a report finding him competent, and neither counsel nor the trial court identified circumstances requiring an additional evaluation.

{¶23} In the case sub judice, the restoration report was prepared by a qualified mental-health professional after the appellant had undergone treatment. The report acknowledged the appellant's mental-health condition and treatment and nevertheless concluded that he had been restored to competency. No contrary opinion of restoration appears in the record. Nor does the record contain evidence that counsel possessed information materially undermining the evaluator's conclusion but unreasonably failed to bring that information to the trial court's attention.

{¶24} Counsel's decision to rely upon the unopposed restoration report instead of seeking an additional evaluation falls within the realm of professional judgment. The mere fact that appellate counsel would have pursued a different course does not demonstrate constitutionally deficient performance. See *Strickland* at 689.

{¶25} The appellant's questions during the plea colloquy do not demonstrate incompetence. To the contrary, his questions concerning fines and other consequences indicate he was listening to and attempting to understand the trial court's explanation. The trial court clarified the matters about which the appellant inquired, and the appellant indicated he understood the trial court's responses.

{¶26} The appellant further relies upon his allocution at sentencing. Although portions of the appellant's statement were lengthy and required clarification, his remarks reflected a recollection of the events, an effort to explain his conduct, and an attempt to mitigate his culpability. The appellant's account may have been self-serving or difficult to

follow in places, but it did not demonstrate that he lacked a rational or factual understanding of the proceedings or was incapable of consulting with counsel.

{¶27} The appellant has also failed to establish prejudice. Following the restoration finding, the trial court personally addressed the appellant during an extensive plea colloquy. The appellant gave responsive answers, acknowledged his understanding of the charges and potential penalties, asked relevant questions, and affirmed he understood the rights he was relinquishing. The appellant also stated he was satisfied with counsel.

{¶28} The totality of the record does not establish a reasonable probability that an additional evaluation or an objection to the restoration report would have resulted in a finding that the appellant was incompetent.

{¶29} Accordingly, the appellant has failed to establish either deficient performance or resulting prejudice under *Strickland* and *Bradley*.

{¶30} The appellant's first assignment of error is overruled.


## II.

{¶31} In his second assignment of error, the appellant argues that the trial court erred in failing to conduct a competency hearing. We disagree.

### STANDARD OF REVIEW

{¶32} Fundamental principles of due process prohibit a criminal defendant from being tried or convicted while legally incompetent. *State v. Berry*, 72 Ohio St.3d 354, 359 (1995). A defendant is presumed competent to stand trial. The defendant shall be found incompetent only when the trial court determines, by a preponderance of the evidence, that because of the defendant's present mental condition, the defendant is incapable of

understanding the nature and objective of the proceedings or of assisting in the defense. R.C. 2945.37(G).

{¶33} When the issue of a defendant's competency is raised prior to trial, the trial court is required to conduct a competency hearing. *State v. Peters*, 2016-Ohio-7773, ¶13 (5th Dist.), citing *State v. Bock*, 28 Ohio St.3d 108, 109 (1986). The failure to conduct the required hearing does not require reversal, however, when the record fails to disclose sufficient indicia of incompetency. *Id.*, citing *Bock* at 110.

{¶34} In determining whether sufficient indicia of incompetency appear in the record, an appellate court must examine the record as a whole and determine whether the evidence raised a reasonable question concerning the defendant's competency. *State v. Mills*, 2023-Ohio-4716, ¶18. The inquiry is made on a case-by-case basis and requires consideration of the totality of the evidence, including evidence tending to support competency as well as evidence tending to suggest incompetency. *Mills* at ¶21.

{¶35} Accordingly, when competency was raised before trial but the defendant contends the trial court failed to conduct the hearing required by R.C. 2945.37(B), we determine whether the omission occurred and, if so, whether the entire record contains sufficient indicia of incompetency to require reversal.

### ANALYSIS

{¶36} The appellant's second assignment of error is premised upon his assertion that the trial court accepted his pleas without first conducting a competency hearing. The record reflects, however, that the trial court conducted a competency-restoration proceeding on September 2, 2025. At that proceeding, the parties stipulated to the August 2025 restoration report. Based upon the stipulated evidence, the trial court found that the appellant had been

restored to competency. We first determine whether the September 2 proceeding satisfied R.C. 2945.37. If it did not, we must determine whether the deficiency requires reversal. We conclude the proceeding was adequate; even if it were not, any error was harmless.

{¶37} The appellant also argues that the September 2 proceeding did not qualify as a hearing because the evaluator did not testify, no witnesses were cross-examined, and defense counsel did not present competing evidence. We disagree.

{¶38} R.C. 2945.37 does not require live testimony at every competency hearing. The parties may submit evidence concerning competency, and a written competency report may be admitted by stipulation. R.C. 2945.37(E). When the trial court conducts a competency hearing and the parties submit the issue on a stipulated report containing reliable and credible evidence, the court may determine competency from that report. *State v. Dickerson*, 2021-Ohio-3257, ¶¶20-21 (5th Dist.).

{¶39} Accordingly, the absence of live testimony or cross-examination did not render the competency proceeding inadequate. The trial court convened a hearing, accepted the parties' stipulation to the restoration report, and determined the appellant's competency from the evidence submitted.

{¶40} The appellant relies upon *State v. Flanagan*, 2017-Ohio-955 (8th Dist.), in support of his argument that the trial court could not accept his guilty pleas without first conducting a competency hearing. In *Flanagan*, the issue of competency was raised before the defendant entered his guilty plea, but the trial court did not conduct a hearing, the parties did not stipulate to the competency report, and the trial court did not make a formal competency finding before accepting the plea. *Id*. at ¶¶12-17.

{¶41} The case sub judice is distinguishable from *Flanagan*. The trial court did not allow the competency issue to remain unresolved. The appellant underwent restoration

treatment and was reevaluated. The trial court thereafter convened a proceeding devoted to competency, accepted the parties' stipulation to the restoration report, and expressly found the appellant restored to competency before accepting his guilty pleas. The procedural deficiencies identified in *Flanagan* are not present here.

{¶42} The appellant also relies upon *State v. Were*, 2002-Ohio-481, and argues that he could not create a record rebutting the restoration report without the evidentiary hearing contemplated by R.C. 2945.37 and R.C. 2945.371. In *Were*, defense counsel raised the defendant's competency on several occasions, through a pretrial motion, after opening arguments, during trial, and before the mitigation phase, and repeatedly represented that the defendant was incompetent, citing his refusal to cooperate and paranoid, irrational conduct directed at defense counsel. *Id*. at ¶¶9-12. Despite these repeated requests, the trial court never afforded the defendant an evidentiary competency hearing. *Id*. at ¶9.

{¶43} The circularity concern identified in *Were* and later discussed in *Flanagan* does not arise under the circumstances presented here. The appellant was not deprived of an opportunity to contest the restoration report. The trial court convened a competency proceeding at which the appellant was represented by counsel. Counsel could have declined to stipulate to the report, requested the evaluator's testimony, presented additional evidence, or requested further evaluation. Instead, the parties agreed to submit the issue on the stipulated report. Any resulting limitation in the record arose from the manner in which the parties chose to present the issue, not from the trial court's failure to provide a forum in which competency could be litigated.

{¶44} The appellant's reliance on *Hough* is similarly misplaced. In *Hough*, the trial court failed to address a pending pretrial motion for a competency evaluation and proceeded

to trial without conducting an evaluation or competency hearing. *Hough* at ¶5. The record also contained significant unresolved evidence bearing upon the defendant's competency. *Hough* at ¶¶29-37.

{¶45} Unlike *Hough*, the trial court in the case sub judice did not ignore a pending competency request. The appellant was evaluated, found incompetent, received restoration treatment, reevaluated, and determined by a mental-health professional to have been restored to competency. The trial court then held a proceeding at which counsel stipulated to the restoration report and the trial court made a competency determination before accepting the appellant's pleas. We discuss *Were* and *Hough* further below in weighing whether the record otherwise contains sufficient indicia of incompetency.

{¶46} Nevertheless, because the appellant argues that the restoration proceeding did not satisfy R.C. 2945.37(B), we also consider whether the record, viewed as a whole, contains sufficient indicia of incompetency to render any asserted procedural deficiency prejudicial. In doing so, we consider the prior medical opinions concerning competency, counsel's conduct and expressed concerns, evidence of irrational behavior or continuing psychiatric symptoms, and the appellant's demeanor and participation in the proceedings. *See Hough* at ¶¶29-37; *State v. Mills*, 2023-Ohio-4716, ¶¶18, 36.

{¶47} First, we recognize that the appellant had previously been found incompetent and had a documented history of mental illness. Those facts are relevant, but they are not dispositive. The prior incompetency finding was followed by restoration treatment and a subsequent professional opinion that the appellant had regained the ability to understand the proceedings and assist counsel.

{¶48} The prior finding, however, was not the final competency evidence before the trial court. Following court-ordered restoration treatment, the appellant underwent a second

evaluation directed to his then-present competency. The restoration evaluator concluded that the appellant was capable of understanding the nature and objectives of the proceedings and assisting counsel in his defense. Ohio law expressly contemplates that a defendant initially found incompetent may later be restored to competency through treatment. See R.C. 2945.38.

**{¶49}** Second, defense counsel did not express continuing doubts about the appellant's competency after completion of restoration treatment. Counsel stipulated to the restoration report and did not advise the trial court that the appellant remained unable to communicate, understand the proceedings, or assist in preparing the defense.

**{¶50}** Counsel in *Were* and *Hough* repeatedly informed the trial court that the defendants could not understand the proceedings or assist in his own defenses. Counsel here said nothing of the kind at any point after the restoration finding.

**{¶51}** Third, the appellant emphasizes that he reported auditory hallucinations during June and July 2025 and that his psychiatric medication was increased shortly before the August restoration evaluation. Those facts are relevant to the competency inquiry and must be considered together with the remainder of the evidence. A history of mental illness or psychotic symptoms, however, does not necessarily establish legal incompetency. A defendant may experience mental illness and nevertheless possess the present ability to understand the proceedings and assist counsel. *State v. Bock*, 28 Ohio St.3d 108, 110 (1986); *Mills* at ¶15.

**{¶52}** The reported hallucinations and medication adjustment occurred before the restoration evaluator rendered her opinion. The evaluator completed the assessment after those events and nevertheless concluded that the appellant satisfied the statutory competency criteria. The record reflects no comparable hallucinations, delusional statements, or inability to communicate during the subsequent competency proceeding or plea hearing.

{¶53} The appellant further challenges the restoration evaluation because it was prepared by an evaluator different from the psychologist who conducted the earlier evaluation and because, in his view, the report did not sufficiently account for his intellectual limitations.

{¶54} These arguments concern the weight of the restoration opinion; they do not establish that the opinion was inadmissible or unreliable. The competency inquiry focuses on the defendant's present mental condition and present ability to understand the proceedings and assist in the defense. R.C. 2945.37(G). The restoration evaluator examined the appellant after treatment and addressed the applicable competency criteria. The parties stipulated to the report, and the appellant presented no competing post-restoration opinion concluding that he remained incompetent.

{¶55} Nor does the use of a different evaluator establish that the restoration opinion was unreliable. Nothing in R.C. 2945.37 or R.C. 2945.371 requires the professional conducting a restoration evaluation to be the same professional who performed the initial competency evaluation.

{¶56} Fourth, the appellant argues that his demeanor at the plea and sentencing hearings demonstrated continuing incompetency. During the plea hearing, however, the appellant understood that he was resolving two separate criminal cases, responded to the trial court's questions, discussed the possible sanctions, acknowledged the constitutional rights he was waiving, and entered pleas consistent with the negotiated agreement.

{¶57} The appellant's questions during the plea colloquy do not demonstrate incompetence. His questions concerning fines and other consequences show that he was listening to the trial court and seeking clarification regarding the effects of his pleas. After the trial court responded, the appellant indicated that he understood.

**{¶58}** The appellant also relies upon his allocution at sentencing. Although portions of his statement were lengthy and required clarification, his remarks reflected a recollection of the underlying events, an attempt to explain his conduct, and an effort to mitigate his culpability. His statement may have been imperfect, nonlinear, or self-serving, but it did not demonstrate that he lacked a rational or factual understanding of the proceedings or was incapable of communicating with counsel.

**{¶59}** The fact that the appellant occasionally responded briefly or that the trial court asked follow-up questions does not establish incompetency. The relevant inquiry is not whether the appellant communicated with precision, but whether the record raises a reasonable question about his ability to understand the proceedings and assist in the defense. See *Mills* at ¶18.

**{¶60}** Finally, the appellant cites *State v. Chapin*, 67 Ohio St.2d 437, 439 (1981), and *Bishop v. United States*, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), for the proposition that convicting a legally incompetent defendant violates due process. We do not dispute that proposition. That principle is implicated here only if the trial court failed to determine the appellant's competency or if the record raises a reasonable question whether the appellant remained incompetent when he entered his pleas. Neither circumstance is present here. The trial court did determine his competency, through the September 2 proceeding, and the record does not raise a reasonable question about whether that determination was correct.

**{¶61}** Because the September 2 proceeding satisfied R.C. 2945.37, no error occurred. Even assuming the proceeding was procedurally deficient, the record—including the initial and restoration evaluations, the timing of the appellant's reported symptoms relative to the restoration evaluation, counsel's failure to express continuing concerns after the restoration finding, and the appellant's participation at the plea and sentencing hearings—does not

contain sufficient indicia of incompetency to render any procedural deficiency prejudicial. The trial court did not err in accepting the appellant's pleas.

{¶62} The appellant's second assignment of error is overruled.

## CONCLUSION

{¶63} Based upon the foregoing, the judgments of the Muskingum County Court of Common Pleas are affirmed.

{¶64} Costs to the appellant.

By: Baldwin, J.

Hoffman, P.J. and

Gormley, J. concur.